## ALICE McMURPHEY & HUSBAND v. JOSEPH W. HARVEY.

*Practice. Trial, Conduct of. Order of Admitting Evidence, in Discretion of Court. Bastardy Proceedings.*

The court, after the evidence is closed, one argument made, and the defendant has moved for a verdict, has power in its discretion to allow a party to be recalled and testify on a material point.

PROCEEDINGS under the statute, charging the defendant with being the father of a bastard child. Trial by jury, September Term, 1885, POWERS, J., presiding. Verdict for the plaintiff.

Both sides had introduced their evidence, and rested. One argument had been made for the complainant. Thereupon the defendant's counsel, just before and preliminary to commencing his argument, made a motion that the court order a verdict for the defendant, on the ground that the complainant had not proved that she was a single woman, either when the child was begotten or when it was born. This motion was argued. The court ruled that it was necessary for the complainant, to make out a case, to prove that she was a single woman when the child was begotten, and that no evidence had been introduced that proved or tended to prove that fact.

Thereupon, and before the court had finally disposed of defendant's motion, complainant's counsel made a motion that she be recalled at this stage of the case and be allowed to testify whether she was a single woman. Against the objection and exception of the defendant, the complainant was allowed, as matter of discretion, to be recalled as a witness and to testify that she was a single woman when

the child was begotten. The rules of the County Court were made a part of the exceptions.

Rule 23 is: " The plaintiff, after having rested at the opening of the case, will not be permitted to give general evidence in support of the case made in the opening, but will be confined to evidence legitimate to rebut the evidence given on the part of the defence."

*John G. Wing,* for the complainant.

The order in which evidence may be admitted is a matter that rests in the discretion of the presiding judge of the County Court, and is not a matter of exception. *Goss* v. *Turner,* 21 Vt. 437; *Kent* v. *Lincoln,* 32 Vt. 598; *State* v. *Magoon,* 50 Vt. 333; *Smith* v. *Merrill,* 9 Gray, 144; *Ray* v. *Smith,* 9 Gray, 141; *Baker* v. *Gavitt,* 128 Mass. 93; *Hodgkins* v. *Chappel,* 128 Mass. 197; *Commonwealth* v. *McCue,* 121 Mass. 358; *Commonwealth* v. *Piper,* 120 Mass. 125; *Commonwealth* v. *Ricketson,* 46 Mass. 412; *Cushing* v. *Billings,* 56 Mass. 158; *Chadbourn* v. *Franklin,* 71 Mass. 312; *Morse* v. *Potter,* 70 Mass. 293; *Strong* v. *Connell,* 115 Mass. 575; *Huntsman* v. *Nichols,* 116 Mass. 521.

*W. P. Dillingham* and *E. F. Palmer,* for the defendant, cited *Stevens* v. *Dudley,* 56 Vt. 164; *Kent* v. *Lincoln,* 32 Vt. 591; *Thayer* v. *Davis,* 38 Vt. 163.

The opinion of the court was delivered by

TAFT, J. After the evidence was closed and during the argument before the jury, the court permitted the complainant to be recalled and to testify that she was a single woman when the child was begotten. Objection was made that the court had no power at that stage of the trial to open the case for further testimony. Was the action of the court error ? " The order in which testimony shall be admitted, is one of practice rather than of strict right, and may, in the discretion of the court, be varied to meet the exigencies

of a given case without error being predicable thereon, unless it is manifest that the variance has operated to surprise, or in some way work a legal disadvantage to the excepting party." *State* v. *Magoon*, 50 Vt. 333, and cases cited. This salutary rule has always prevailed in this State. This very case is a good illustration of the injustice which would result if a contrary doctrine was held. The complainant had made out her case except the fact she testified to, when recalled, of her being a single woman. The question, no doubt, had escaped the attention of her counsel, or been regarded by him as immaterial; and to have ordered a verdict for the defendant because of the inability of the court to vary a rule of practice and relieve him from the support of a child, whom, at the instigation of the devil, he had brought into being, and his offense to have remained "unwhipped of justice," we think, would have shown a serious defect in the jurisprudence of any civilized country.

Judgment affirmed.